Daniel M. Cislo, No. 125,378
   *dan@cislo.com*
Peter S. Veregge, No. 155,769
   *peter@cislo.com*
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401-4110
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff,
PHOTOCRAZY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER H. WOLF, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CAPSTONE PHOTOGRAPHY, INC., a Connecticut corporation, and DOES 1-10, inclusive<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Peter H. Wolf hereby pleads its claim for Patent Infringement against Defendant Capstone Photography, Inc., as follows:

## THE PARTIES

1. Plaintiff Peter H. Wolf ("Plaintiff" or "Wolf") is an individual residing in Thousand Oaks, California.

2. Plaintiff is informed and believes, and based thereon alleges that Defendant Capstone Photography, Inc. is a Connecticut corporation, with a business address of 6 Way Road, Suite 220, Middlefield, Connecticut 06455 ("Capstone" or "Defendant").

3. Plaintiff is informed and believes, and based thereon alleges that each of the fictitiously-named defendants is in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein ("Defendants").

4. Plaintiff is informed and believes, and based thereon alleges that at all times mentioned herein, each of the Defendants was the agent, servant, representative, employee, partner, and/or controlling person of the other Defendants named herein, and in doing the acts herein alleged were acting as the agents for each other.

## JURISDICTION AND VENUE

5. This is a complaint for patent infringement arising under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281. The Court has jurisdiction over the parties and the subject matter of the action pursuant to 28 U.S.C. § 1338(a).

6. Venue is proper in this judicial district under Title 28 United States Code §§ 1391(b) and (c) and 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district. Also, Defendant is subject to personal jurisdiction in this judicial district.

7. Defendant conducts business within this judicial district, including the acts complained of herein. Defendant's website, www.capstonephoto.com, asserts that Defendant has "the most extensive network of photographers in the country. We are ready to serve your event no matter where in the US you are!" This

statement is just below a map that shows numerous locations in Southern California where Defendant purportedly does business. On information and belief, Defendant recently provided its services in this judicial district, at the "Dirty Girl Mud Run" in Ventura, California, on November 2, 2013.

8. This Court has personal jurisdiction over Defendant because it committed intentional acts aimed at California residents, harm was suffered in California, and Defendant knew that harm was likely to be suffered in California. Defendant knowingly caused an effect in this judicial district by willfully infringing Plaintiff's patents.

## FACTUAL ALLEGATIONS

9. Plaintiff Wolf is the President of a business located in Thousand Oaks, California, called PhotoCrazy. For many years, PhotoCrazy has been and still is engaged in the business of taking and providing event photographs for inspection, selection, and distribution via a computer network. Plaintiff developed a number of leading edge technologies for event photography and distribution.

10. Plaintiff is the owner of all rights and title to United States Patent Nos. 6,985,875 ('875 Patent), 7,047,214 ('214 Patent), and 7,870,035 ('035 Patent), (collectively, the "Patents in Suit"), which pertain generally to the method of inspection, selection, distribution and advertising of event photographs.

11. Plaintiff is informed and believes that Defendant is aware of the Patents-in-Suit, which all received extensive coverage on various Internet forums, especially in 2006 when the '875 and '214 Patents issued. Defendant Capstone was founded in 2005, and could not have missed the coverage as it sought to grow its business. After the '035 Patent issued in 2011, Plaintiff left a voicemail for Defendant's President, Mike Skelps, asking him to call. Mr. Skelps failed to return the call. Moreover, Capstone is now aware of the Patents-in-Suit via this complaint.

12. Plaintiff is informed and believes and based thereon alleges that

2

Defendant is engaged in the business of providing event photographs for inspection, selection and distribution via the Internet through Defendant's website located at www.capstonephoto.com. Copies of the relevant pages of Defendant's website showing the process are attached as Exhibit D. Plaintiff is further informed and believes and thereon alleges, that Defendant is offering to provide selected digital photographs with visual advertiser indicia within the photograph field to race participants, as shown on Defendant's website at capstonephoto.com/race_directorsv3, a copy of which is attached as Exhibit E.

13. Plaintiff is informed and believes and based thereon alleges that third parties that access and use Defendant's website directly infringe and/or partially infringe certain claims of the Patents-in-Suit.

## FIRST CAUSE OF ACTION

(Infringement of the '214 Patent)

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 thru 13 as if fully set forth herein.

15. Plaintiff is the owner of the '214 Patent for a process for providing event photographs for inspection, selection and distribution via a computer network, issued on May 16, 2006. This patent is presumed valid and enforceable under 35 U.S.C. § 282. A copy of the above described '214 patent is attached to this Complaint as Exhibit A.

16. Plaintiff is the owner of the '214 patent and possesses the sole right and obligation to assert and enforce infringement claims against alleged infringers.

17. The '214 patent, in general, relates to a process for providing event photographs for inspection, selection and distribution via a website on the internet, which generally includes the steps of taking event photographs, associating identifying data with each photograph taken, informing the event participants of the identifying data, transferring the photographs to a computer network server, and permitting access to the server for searching of a particular photograph using the

identifying data

18. Defendant's past, present and future business of providing event photographs for inspection, selection and distribution via a computer network as described above, constitutes an infringement of Plaintiff's '214 patent under the U.S. patent laws. 35 U.S.C. § 271(a).

19. Plaintiff is informed and believes and based thereon alleges that Defendant's acts of infringement have been willful.

20. Plaintiff is entitled to a full range of injunctive and monetary relief and remedies under the U.S. patent laws. 35 U.S.C. § 281 et seq.

## SECOND CAUSE OF ACTION

(Infringement of the '875 Patent)

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 thru 20 as if fully set forth herein.

22. Plaintiff is the owner of the '875 Patent for providing photographs of a sporting event for inspection, selection, and distribution via a computer network, issued on January 10, 2006. This patent is presumed valid and enforceable under 35 U.S.C. § 282. A copy of the '875 Patent is attached to this Complaint as Exhibit B.

23. Plaintiff is the owner of the '875 Patent and possesses the sole right and obligation to assert and enforce infringement claims against alleged infringers.

24. Defendant's past, present and future business of providing event photographs for inspection, selection and distribution via a computer network as described above, constitutes an infringement of Plaintiff's '875 Patent under the U.S. patent laws. 35 U.S.C. § 271(a). Alternatively, to the extent that any of the steps of the '875 Patent claims are performed by parties other than Defendant, Plaintiff is informed and believes that Defendant instructs and encourages those third parties to perform those steps, as shown on Defendant's website, resulting in contributory and/or induced infringement of the '875 Patent. Plaintiff is informed

and believes that Defendant knew of the '875 Patent, and further knew that its actions would contribute to and/or induce others to perform the steps of the '875 Patent, and those steps were actually performed.

25. Plaintiff is informed and believes and based thereon alleges that Defendant's acts of infringement have been willful.

26. Plaintiff is entitled to a full range of injunctive and monetary relief and remedies under the U.S. patent laws. 35 U.S.C. § 281 et seq.

### THIRD CAUSE OF ACTION

(Infringement of the '035 Patent)

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1 thru 26 as if fully set forth herein.

28. Plaintiff is the owner of the '035 Patent for a method of advertising and distribution for event photographs, issued on January 11, 2011. This patent is presumed valid and enforceable under 35 U.S.C. § 282. A copy of the above described '035 patent is attached to this Complaint as Exhibit C.

29. Plaintiff is the owner of the '035 patent and possesses the sole right and obligation to assert and enforce infringement claims against alleged infringers.

30. Defendant's past, present and future business of offering to provide selected digital photographs with visual advertiser indicia within the photograph field to event participants and others as described above, constitutes an infringement of Plaintiff's '035 patent under the U.S. patent laws. 35 U.S.C. § 271(a).

31. Alternatively, to the extent that any of the steps of the '035 Patent claims are performed by parties other than Defendant, Plaintiff is informed and believes that Defendant aids, abets, employs, instructs, and/or encourages those third parties to perform those steps, resulting in contributory and/or induced infringement of the '035 Patent. In particular, Defendant's website shows that Defendant offered race photos to participants that were automatically overlaid with

the race branding for the Scranton, Pennsylvania Dirty Girl Mud Run on May 4-5, 2013 (Exhibit E). Plaintiff is informed and believes that Defendant used a third party, Pic2Go, to implement some of the steps of the '035 Patent claims, as shown on the website pic2go.com, attached hereto as Exhibit F, which shows the branded photos of the Dirty Girl participants, states that Capstone used the system to deliver those photos, and also describes how the Pic2Go system operates with the photographer (Capstone) to deliver such photos to the participants. Another website, mudracepics.com/scranton, attached as Exhibit G, shows that Capstone presented the Pic2Go system for Dirty Girl race participants and others to search for race photos by bib number, which then allowed them to access and order such photos.

32. Plaintiff is informed and believes that Defendant knew of the '035 Patent, and further knew that its actions would contribute to and/or induce others to perform the steps of the '035 Patent, and those steps were actually performed.

33. Plaintiff is informed and believes and based thereon alleges that Defendant's acts of infringement have been willful.

34. Plaintiff is entitled to a full range of injunctive and monetary relief and remedies under the U.S. patent laws. 35 U.S.C. § 281 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Peter H. Wolf prays that this Court enter judgment as follows:

A. That Defendant be adjudged to have infringed each of the '214 Patent, '035 Patent, and '875 Patent;

B. That Defendant, his officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, be preliminary and permanently restrained and enjoined from directly or indirectly infringing the '214 Patent, the '035 Patent, and the '875 Patent;

C. That Defendant accounts for damages to Plaintiff by virtue of

6

1  Defendant's infringement, contributory and/or induced infringement of the '214
2  Patent, the '035 Patent, and the '875 Patent;

3        D.    That judgment be entered against Defendant awarding Plaintiff all
4  damages, in such amounts as are proved at trial, and in no event in an amount less
5  than a reasonably royalty, resulting from Defendant's infringement, contributory
6  and/or induced infringement of the '214 Patent, the '035 Patent, and the '875
7  Patent, pursuant to 35 U.S.C. § 284;

8        E.    That Defendant be adjudged to have willfully and deliberately
9  infringed, contributed to and/or induced infringement of the '214 Patent, the '035
10 Patent, and the '875 Patent;

11       F.    That the present case be judged an exceptional case within the
12 meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys'
13 fees and costs pursuant thereto;

14       G.    That Plaintiff be awarded damages in an amount equal to three times
15 the amount of damages found or accessed, to compensate Plaintiff for the willful
16 and deliberate acts of infringement by Defendant, pursuant to 35 U.S.C. § 284; and

17       H.    That Plaintiff have such other and further relief as the Court may deem
18 just and proper.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: December 31, 2013    By:   /s/ Peter S. Veregge
                                          Daniel M. Cislo
                                          Peter S. Veregge

                                          Attorneys for Plaintiff,
                                          PETER H. WOLF

T:\13-28287\Complaint.docx

# DEMAND FOR JURY TRIAL

Plaintiff Peter H. Wolf hereby demands a trial by jury.

                                                Respectfully submitted,

                                                CISLO & THOMAS LLP

Dated: December 31, 2013        By:    /s/ Peter S. Veregge
                                                               Daniel M. Cislo
                                                                Peter S. Veregge

                                                               Attorneys for Plaintiff,
                                                               PETER H. WOLF

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM