Daniel M. Cislo, Esq., No. 125,378
 *dan@cislo.com*
Peter S. Veregge, Esq., No. 155,769
 *pveregge@cislo.com*
CISLO & THOMAS LLP
1333 2nd Street Suite 500
Santa Monica, California 90401-4110
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff,
PETER WOLF

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WOLF, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CAPSTONE PHOTOGRAPHY, INC., a Connecticut corporation, MICHAEL SKELPS, an individual, and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO. CV 13-9573 CAS (PJWx)<br><br>**DECLARATION OF PETER VEREGGE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br><br>DATE:  October 20, 2014<br>TIME:  10:00 A.M.<br>CTRM:  5<br>JUDGE: Hon. Christina A. Snyder |

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
WWW.CISLO.COM

**DECLARATION OF PETER VEREGGE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

I, Peter S. Veregge, hereby declare:

1.     I am an attorney admitted to practice in the State of California and before this District Court.  I am a partner of the law firm Cislo & Thomas LLP and represent the Plaintiff Peter Wolf in this case. I make this declaration of my own personal knowledge or on information and belief where so stated. If called as a witness, I could and would competently testify to the truth of the matters asserted herein.

2.     Attached hereto as Exhibit 2 is a true and correct copy of supplemental interrogatory responses served by defendant Capstone Photography, Inc.   Those responses state, in relevant part:

> The claim limitations "associating identifying data" and "cataloging each of the photographs in a web-site server" found in independent claims 1, 11, and 17 of the '214 patent are not adequately supported by the specification. Nowhere does the patent explain how this "associating" or "cataloging" might be achieved, or indicate that the applicant himself had possession of such an invention. … Further, the independent claims 1, 11 and 17 are invalid for indefiniteness because the '214 patent fails to inform those skilled in the art about the scope of the invention with reasonable certainty to at least the following limitation: "informing the sporting event competitors" and "searching for a photograph."

> The claim limitations "associating identifying data" and "cataloging each of the photographs in a web- site server" found in

1

independent claims 1, 16, and 24 of the '875 patent are not adequately supported by the specification. Nowhere does the patent explain how this "associating" or "cataloging" might be achieved, or indicate that the applicant himself had possession of such an invention. … Further, the independent claims 1, 16 and 24 are invalid for indefiniteness because the '875 patent fails to inform those skilled in the art about the scope of the invention with reasonable certainty to at least the following limitation: "informing the sporting event competitors" and "searching for a photograph"

3.    Attached hereto as Exhibit 3 is a true and correct copy of interrogatory responses served by defendant Capstone Photography, Inc.  Those responses state, in relevant part:

Capstone does not inform event participants of how to find photographs of the sporting event.

4.    Attached hereto as Exhibit 4 is a true and correct copy of Karmasek, J., *U.S. SC created confusion with June patent decision, former Federal Circuit judge says*, *The Southeast Texas Record*, September 15, 2014, that I downloaded from http://setexasrecord.com/news/298598-u-s-sc-created-confusion-june-patent-decision-former-federal-circuit-judge-says

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29TH day of September, 2014 in Westlake Village, California.

By: /s/Peter S. Veregge

# Exhibit 2

1  John Lord (Bar No. 216111)
2  jlord@onellp.com
   **ONE LLP**
3  9301 Wilshire Blvd. Penthouse Suite
   Beverly Hills, CA 90210
4  Telephone:  (310) 954-9497
5

6  Attorneys for Defendant,
   CAPSTONE PHOTOGRAPHY, INC.
7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12
   PETER H. WOLF                          Case No. 13-CV-09573-CAS-PJW
13
            Plaintiff,                     **CAPSTONE'S SUPPLEMENTAL
14                                         RESPONSE TO PLAINTIFF'S FIRST
         v.                                SET OF INTERROGATORIES**
15
16  CAPSTONE PHOTOGRAPHY, INC.
17           Defendant.
18

19       Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Capstone

20  Photography, Inc. ("Capstone") hereby supplements its response to the First Set of

21  Interrogatories served by Plaintiff Peter H. Wolf ("Wolf") as follows:

22

23                        **GENERAL OBJECTIONS**

24       Capstone makes the following General Objections to Wolf First Set of

25  Interrogatories:

26       1.     Capstone objects to each Interrogatory in the First Set of Interrogatories to the

27  extent that it seeks information protected from disclosure by any privilege or immunity

28

                                        1
          **DEFENDANT'S SUPPLEMENTAL RESPONSE TO INTERROGATORIES**

including, without limitation, the attorney-client privilege, the joint-defense privilege, or the work product immunity from discovery.  Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or immunity, and shall not waive the rights of Capstone to object to the use of any such information during this action.

2. Capstone objects to each Interrogatory in the First Set of Interrogatories to the extent that it fails to comply with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of the Central District of California.

3. Capstone objects each Interrogatory insofar as it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Capstone object to the definitions and instructions of the First Set of Interrogatories to the extent they purport to impose on Capstone an obligation to provide information for or on behalf of any person or entity other than the Plaintiff and/or purports to seek information that is within the possession, custody, or control of Wolf and Capstone expressly declines to do so.  Capstone further objects to the definition of "You, Your and Yours" as vague, overbroad and unduly burdensome.  Capstone will interpret "You, Your, and Yours" to mean Defendant Capstone Photography, Inc.

5. Capstone objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information that is not in the possession, custody, or control of Capstone.

6. Capstone objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information equally or more readily available to Wolf.

7. Capstone objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information.

8. Capstone objects to each Interrogatory in the First Set of Interrogatories to the extent it is overly broad and unduly burdensome.

9. Capstone objects to the definitions of the phrase "identify each document" or "identify each communication" to the extent they render the Interrogatories overly broad,

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO INTERROGATORIES**

1   unduly burdensome, vague, and ambiguous, and because they seek to impose obligations
2   on Capstone that are beyond the Federal Rules of Civil Procedure.

3        10.   Capstone objects to each Jurisdictional Interrogatory to the extent that it seeks
4   to improperly to expand the First Set of Interrogatories beyond the maximum number of 25
5   total Interrogatories.

6        11.   Capstone reserves the right to supplement these responses and objections, if
7   necessary, to reflect additional information.

8

9                    **RESPONSES TO INTERROGATORIES**
10  **INTERROGATORY NO. 1:**

11       Identify all at issue sporting events by name, date and location.
12  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

13       In addition to its General Objections, Capstone objects to this request to the extent
14  this Interrogatory seeks information not relevant or reasonably calculated to lead to the
15  discovery of admissible evidence.  Capstone further objects to this request to the extent it
16  seeks third-party confidential information.  Capstone further objects to the extent this
17  Interrogatory seeks information protected by the attorney-client privilege, the work product
18  doctrine, or any other applicable privilege.  Capstone further objects to this request as
19  overbroad and unduly burdensome.  Capstone further objects to this request as compound
20  because it includes multiple subparts and therefore constitutes multiple interrogatories.
21  Capstone further objects to this interrogatory as vague and ambiguous, especially the terms
22  "at issue" and "sporting events."

23       Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 33(d),
24  Capstone will produce, or has produced, documents that may be responsive to portions of
25  the non-objectionable scope of this interrogatory.  A list of all sporting events is found in
26  Capstone's Production Bates No. CP01187-CP01206.  Capstone cannot readily provide the
27  location of each sporting event, and it would be unduly burdensome for Capstone to
28  attempt to do so.

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 12:**

Describe in detail ALL FACTS SUPPORTING YOUR statement in the Second Counterclaim of Capstone's Amended Answer, that: "The claims of the '214 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence. Capstone further objects to this request to the extent it seeks third-party confidential information. Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Capstone further objects to this request as overbroad and unduly burdensome. Capstone further objects to this Interrogatory as premature because it seeks information more properly the subject of expert discovery and seeks the disclosure of expert testimony. Capstone further objects to this Interrogatory as premature on the grounds that discovery in this lawsuit is in its early stages and Capstone has not yet completed its factual investigation.

Subject to and without waiving its objections, Capstone incorporates its initial response to Interrogatory No. 12. Capstone further responds as follows: The claim limitations "associating identifying data" and "cataloging each of the photographs in a web-site server" found in independent claims 1, 11, and 17 of the '214 patent are not adequately supported by the specification. Nowhere does the patent explain how this "associating" or "cataloging" might be achieved, or indicate that the applicant himself had possession of such an invention. As such the claims 1, 11 and 17 are invalid for failing to meet the written description and enablement requirements. Further, the independent claims 1, 11 and 17 are invalid for indefiniteness because the '214 patent fails to inform those skilled in the art about the scope of the invention with reasonable certainty to at least the following limitation: "informing the sporting event competitors" and "searching for a photograph."

4

This response is based upon Wolf's assertion of the asserted claims of the '214 patent in this action.  Capstone reserves its right to amend or supplement this response as discovery continues.

In addition, pursuant to Fed. R. Civ. P. 33(d), Capstone identifies the following documents that may be responsive to portions of the non-objectionable scope of this interrogatory: CP00617-CP00637; CP00638-CP00647; CP00648-CP00659; CP00660-CP00678; CP00679-CP00691; CP00694-CP00914; CP00847-CP00848; CP00850-CP00854; and CP00855-CP01170.

**INTERROGATORY NO. 14:**

Describe in detail ALL FACTS SUPPORTING YOUR statement in the Fourth Counterclaim of Capstone's Amended Answer, that: "The claims of the '875 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.  Capstone further objects to this Interrogatory as premature because it seeks information more properly the subject of expert discovery and seeks the disclosure of expert testimony.  Capstone further objects to this Interrogatory as premature on the grounds that discovery in this lawsuit is in its early stages and Capstone has not yet completed its factual investigation.

Subject to and without waiving its objections, Capstone incorporates its initial response to Interrogatory No. 14.  Capstone further responds as follows: The claim limitations "associating identifying data" and "cataloging each of the photographs in a web-

site server" found in independent claims 1, 16, and 24 of the '875 patent are not adequately supported by the specification. Nowhere does the patent explain how this "associating" or "cataloging" might be achieved, or indicate that the applicant himself had possession of such an invention. As such the claims 1, 16 and 24 are invalid for failing to meet the written description and enablement requirements. Further, the independent claims 1, 16 and 24 are invalid for indefiniteness because the '875 patent fails to inform those skilled in the art about the scope of the invention with reasonable certainty to at least the following limitation: "informing the sporting event competitors" and "searching for a photograph" This response is based upon Wolf's assertion of the asserted claims of the '875 patent in this action. Capstone reserves its right to amend or supplement this response as discovery continues.

In addition, pursuant to Fed. R. Civ. P. 33(d), Capstone identifies the following documents that may be responsive to portions of the non-objectionable scope of this interrogatory. In addition, pursuant to Fed. R. Civ. P. 33(d), Capstone identifies the following documents that may be responsive to portions of the non-objectionable scope of this interrogatory: CP00617-CP00637; CP00638-CP00647; CP00648-CP00659; CP00660-CP00678; CP00679-CP00691; CP00694-CP00914; CP00847-CP00848; CP00850-CP00854; and CP00855-CP01170.


Dated:  September 11, 2014                    **ONE LLP**

                                              By:  _J. Lord_____
                                                   John E. Lord
                                                   Attorneys for Plaintiff,
                                                   CAPSTONE PHOTOGRAPHY, INC.

6

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO INTERROGATORIES**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 9301 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90210.

On September 11, 2014, I caused **CAPSTONE'S SUPPLEMENTAL RESPONSE to PLAINTIFF'S FIRST SET OF INTERROGATORIES** to be served to the addresses and by email.

Daniel M. Cislo, Esq., No. 125,378
dan@cislo.com,
Kristen Rokus
krokus@ cislo.com
Peter S. Veregge, Esq., No. 155,769
peter@cislo.com
Laura Banuelos
lbanuelos@cislo.com
**CISLO & THOMAS LLP**
1333 2nd Street Suite 500
Santa Monica, California 90401-4110

*Attorneys for Plaintiff, Peter H. Wolf*

I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of their court at whose direction the service was made.

Executed on September 11, 2014 at Beverly Hills, California.

_____
By: Christina I. Rodriguez

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO INTERROGATORIES**

# Exhibit 3

1  John Lord (Bar No. 216111)
2  jlord@onellp.com
   **ONE LLP**
3  9301 Wilshire Blvd. Penthouse Suite
   Beverly Hills, CA 90210
4  Telephone:  (310) 954-9497
5
6  Attorneys for Defendant,
7  CAPSTONE PHOTOGRAPHY, INC.
8
9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**
11
12
13 PETER H. WOLF                    Case No. 13-CV-09573-CAS-PJW
14         Plaintiff,               **CAPSTONE'S RESPONSE TO**
                                    **PLAINTIFF'S FIRST SET OF**
15      v.                          **INTERROGATORIES**
16 CAPSTONE PHOTOGRAPHY, INC.
17         Defendant.
18
19        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Capstone
20 Photography, Inc. ("Capstone") responds to the First Set of Interrogatories served by
21 Plainitff Peter H. Wolf ("Wolf") as follows:
22
23                    **GENERAL OBJECTIONS**
24       Capstone makes the following General Objections to Wolf First Set of
25 Interrogatories:
26       1.      Capstone objects to each Interrogatory in the First Set of Interrogatories to the
27 extent that it seeks information protected from disclosure by any privilege or immunity
28

                                    1

including, without limitation, the attorney-client privilege, the joint-defense privilege, or the work product immunity from discovery.  Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or immunity, and shall not waive the rights of Capstone to object to the use of any such information during this action.

2.    Capstone objects to each Interrogatory in the First Set of Interrogatories to the extent that it fails to comply with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of the Central District of California.

3.    Capstone objects each Interrogatory insofar as it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Capstone object to the definitions and instructions of the First Set of Interrogatories to the extent they purport to impose on Capstone an obligation to provide information for or on behalf of any person or entity other than the Plaintiff and/or purports to seek information that is within the possession, custody, or control of Wolf and Capstone expressly declines to do so.  Capstone further objects to the definition of "You, Your and Yours" as vague, overbroad and unduly burdensome.  Capstone will interpret "You, Your, and Yours" to mean Defendant Capstone Photography, Inc.

5.    Capstone objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information that is not in the possession, custody, or control of Capstone.

6.    Capstone objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks information equally or more readily available to Wolf.

7.    Capstone objects to each Interrogatory in the First Set of Interrogatories to the extent that it seeks confidential, non-public, proprietary, trade secret, and/or commercially sensitive information.

8.    Capstone objects to each Interrogatory in the First Set of Interrogatories to the extent it is overly broad and unduly burdensome.

9.    Capstone objects to the definitions of the phrase "identify each document" or "identify each communication" to the extent they render the Interrogatories overly broad,

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

unduly burdensome, vague, and ambiguous, and because they seek to impose obligations on Capstone that are beyond the Federal Rules of Civil Procedure.

10.     Capstone objects to each Jurisdictional Interrogatory to the extent that it seeks to improperly to expand the First Set of Interrogatories beyond the maximum number of 25 total Interrogatories.

11.     Capstone reserves the right to supplement these responses and objections, if necessary, to reflect additional information.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all at issue sporting events by name, date and location.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.  Capstone further objects to this request as compound because it includes multiple subparts and therefore constitutes multiple interrogatories. Cpastone further objects to this interrogatory as vague and ambiguous, especially the terms "at issue" and "sporting events."

Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 33(d), Capstone will produce, or has produced, documents that may be responsive to portions of the non-objectionable scope of this interrogatory.

**INTERROGATORY NO. 2:**

For each sporting event identified in Interrogatory No. 1, identify the number of photographs displayed on YOUR website that were not displayed on the "Lost and Found" page.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.  Capstone further objects to this interrogatory as vague and ambiguous, especially the terms "displayed" and "sporting event."

Subject to and without waiving its objections, Capstone cannot identify the number of photographs displayed on www.capstonephoto.com using its current software.  Capstone is willing to meet and confer with Wolf to discuss the payment of costs for utilizing a software developer to install software to possibly determine the number of photographs displayed on www.capstonephoto.com.  Capstone is also unaware of how to separate the photographs not displayed on the "Lost and Found" page.

**INTERROGATORY NO. 3:**

For each sporting event identified in Interrogatory No. 1, identify the number of photographs sold through YOUR website that were not displayed on the "Lost and Found" page.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this

4

Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Capstone further objects to this request as overbroad and unduly burdensome. Capstone further objects to this interrogatory as vague and ambiguous, especially the terms "displayed" and "sporting event."

Subject to and without waiving its objections, Capstone's current software cannot provide the number of photographs sold on its website.

**INTERROGATORY NO. 4:**

For each sporting event identified in Interrogatory No. 1, state the gross revenue YOU received from photographs sold through YOUR website that were not displayed on the "Lost and Found" page. For the purposes of this interrogatory only, "gross revenue" means the amount that customers paid for the photographs.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence. Capstone further objects to this request to the extent it seeks third-party confidential information. Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Capstone further objects to this request as overbroad and unduly burdensome. Capstone further objects to this interrogatory as vague and ambiguous, especially the terms "gross revenue" and "displayed."

Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 33(d), Capstone will produce, or has produced, documents that may be responsive to portions of the non-objectionable scope of this interrogatory.

**INTERROGATORY NO. 5:**

For each sporting event identified in Interrogatory No. 1, IDENTIFY every PERSON that has provided photographs to YOU for display on YOUR website.

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.  Capstone further objects to this interrogatory as vague and ambiguous, especially the terms "provided photographs" to you.

Subject to and without waiving its objections, pursuant to Fed. R. Civ. P. 33(d), Capstone will produce, or has produced, documents that may be responsive to portions of the non-objectionable scope of this interrogatory.

**INTERROGATORY NO. 6:**

For each sporting event identified in Interrogatory No. 1, IDENTIFY the organizer or PERSON responsible for running the event.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.  Capstone further objects to this interrogatory as vague and ambiguous.

**INTERROGATORY NO. 7:**

For each sporting event identified in Interrogatory No. 1, describe every method by which YOU informed sporting event participants of where and how to find photographs of the sporting event.

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

**RESPONSE TO INTERROGATORY NO. 7:**

 In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.  Capstone further objects to this interrogatory as vague and ambiguous, especially the terms "informed" and "every method."

 Subject to and without waiving its objections, Capstone does not inform event participants of how to find photographs of the sporting event. Capstone has advertised and provided links to www.capstonephoto.com.

**INTERROGATORY NO. 8:**

 For each sporting event identified in Interrogatory No. 1, describe every method by which users of YOUR website could use YOUR website to search for photographs of the sporting event.

**RESPONSE TO INTERROGATORY NO. 8:**

 In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.  Capstone further objects to this interrogatory as vague and ambiguous.

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 9:**

Describe in detail your first awareness of any of the Patents in Suit, including but not limited to the date of that awareness, the number(s) of the patent(s) you became aware of, and how you became aware of the patent(s).

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence. Capstone further objects to this request to the extent it seeks third-party confidential information. Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Capstone further objects to this request as overbroad and unduly burdensome. Capstone further objects to this interrogatory as vague and ambiguous, particularly the term "awareness."

Subject to and without waiving its objections, Capstone became aware of U.S. Patent Nos. 6,985,875 ('875 patent) and 7,047,214 ('214 patent) in the summer of 2008 when the plaintiff Mr. Wolf emailed the '875 patent and the '214 patent to Mr. Skelps, the president of Capstone. Capstone became aware of U.S. Patent No. 7,870,035 ('035 patent) upon the filing of the instant lawsuit.

**INTERROGATORY NO. 10:**

Identify any bulletin boards, chat rooms, online forums, blogs, comment sections or similar websites on the Internet on which YOU read about or participated in any discussions regarding the plaintiff Peter Wolf or any of the Patents in Suit.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence. Capstone further objects to this request to the extent it seeks third-party confidential information. Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product

8

doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.  Capstone further objects to this interrogatory as vague and ambiguous, particularly the term "participated."

Subject to and without waiving its objections, Capstone is aware of various bulletin boards, online forums and blogs that contain discussions regarding Mr. Wolf.  Capstone has never participated or contributed to any such discussions.

**INTERROGATORY NO. 11:**

Describe in detail ALL FACTS SUPPORTING YOUR statement in the First Counterclaim of Capstone's Amended Answer, that: "Capstone has not infringed and is not infringing, directly, indirectly or jointly, any claim of the '214 Patent, either literally or under the Doctrine of Equivalents."

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.   Capstone further objects to this Interrogatory as premature because it seeks information more properly the subject of expert discovery and seeks the disclosure of expert testimony.

Capstone will respond to this Interrogatory after Wolf identifies the asserted claims and provides Capstone with the factual bases for its infringement contentions.  Capstone specifically reserves the right to amend or supplement its response to this Interrogatory in light of the Court's scheduling order, claim construction ruling(s), further investigation and analysis, further discovery, expert discovery, or as otherwise appropriate.

**INTERROGATORY NO. 12:**

Describe in detail ALL FACTS SUPPORTING YOUR statement in the Second Counterclaim of Capstone's Amended Answer, that: "The claims of the '214 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112."

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.   Capstone further objects to this Interrogatory as premature because it seeks information more properly the subject of expert discovery and seeks the disclosure of expert testimony.  Capstone further objects to this Interrogatory as premature on the grounds that discovery in this lawsuit is in its early stages and Capstone has not yet completed its factual investigation.

Subject to and without waiving its objections, Capstone contends that the claims of the '214 patent cover abstract ideas, and therefore are not patentable under 35 U.S.C. 101. Further, the alleged invention claimed in the '214 patent is anticipated, taught by, suggested by, and/or is obvious in view of the prior art, and/or is unsupported by the written description of the patented invention.  Further, the '214 patent is invalid under 35 U.S.C. 102(a) based upon the invention being known or used by others in this country before the invention date, and under 102(b) based upon the invention being in public use or on sale in this country more than one year before the filing date of the patent.  Further, the '214 patent does not enable one skilled in the art to make and use the claimed invention.  Further, each of the claims of the '214 patent do not distinctly point and claim the subject matter which the applicant regards as the invention.

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

1   Lastly, pursuant to Fed. R. Civ. P. 33(d), Capstone will produce, or has produced,

2   documents (including prior art references located to date) that may be responsive to

3   portions of the non-objectionable scope of this interrogatory.

4   **INTERROGATORY NO. 13:**

5   Describe in detail ALL FACTS SUPPORTING YOUR statement in the Third

6   Counterclaim of Capstone's Amended Answer, that: "Capstone has not infringed and is not

7   infringing, directly, indirectly or jointly, any claim of the '875 Patent, either literally or

8   under the Doctrine of Equivalents."

9   **RESPONSE TO INTERROGATORY NO. 13:**

10   In addition to its General Objections, Capstone objects to this request to the extent

11   this Interrogatory seeks information not relevant or reasonably calculated to lead to the

12   discovery of admissible evidence.  Capstone further objects to this request to the extent it

13   seeks third-party confidential information.  Capstone further objects to the extent this

14   Interrogatory seeks information protected by the attorney-client privilege, the work product

15   doctrine, or any other applicable privilege.  Capstone further objects to this request as

16   overbroad and unduly burdensome.   Capstone further objects to this Interrogatory as

17   premature because it seeks information more properly the subject of expert discovery and

18   seeks the disclosure of expert testimony.

19   Capstone will respond to this Interrogatory after Wolf identifies the asserted claims

20   and provides Capstone with the factual bases for its infringement contentions.  Capstone

21   specifically reserves the right to amend or supplement its response to this Interrogatory in

22   light of the Court's scheduling order, claim construction ruling(s), further investigation and

23   analysis, further discovery, expert discovery, or as otherwise appropriate.

24   **INTERROGATORY NO. 14:**

25   Describe in detail ALL FACTS SUPPORTING YOUR statement in the Fourth

26   Counterclaim of Capstone's Amended Answer, that: "The claims of the '875 Patent are

27   invalid for failure to satisfy one or more of the requirements of Title 35 of the United States

28   Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112."

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.   Capstone further objects to this Interrogatory as premature because it seeks information more properly the subject of expert discovery and seeks the disclosure of expert testimony.  Capstone further objects to this Interrogatory as premature on the grounds that discovery in this lawsuit is in its early stages and Capstone has not yet completed its factual investigation.

Subject to and without waiving its objections, Capstone contends that the claims of the '875 patent cover abstract ideas, and therefore are not patentable under 35 U.S.C. 101. Further, the alleged invention claimed in the '875 patent is anticipated, taught by, suggested by, and/or is obvious in view of the prior art, and/or is unsupported by the written description of the patented invention. Further, the '875 patent is invalid under 35 U.S.C. 102(a) based upon the invention being known or used by others in this country before the invention date, and under 102(b) based upon the invention being in public use or on sale in this country more than one year before the filing date of the patent.  Further, the '875 patent does not enable one skilled in the art to make and use the claimed invention.  Further, each of the claims of the '875 patent do not distinctly point and claim the subject matter which the applicant regards as the invention.

Lastly, pursuant to Fed. R. Civ. P. 33(d), Capstone will produce, or has produced, documents (including prior art references located to date) that may be responsive to portions of the non-objectionable scope of this interrogatory.

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 15:**

Describe in detail ALL FACTS SUPPORTING YOUR statement in Capstone's Amended Answer, that: "Capstone denies the allegations of paragraph 19 [of the Complaint]" wherein paragraph 19 of the Complaint states: "Plaintiff is informed and believes and based thereon alleges that Defendant's acts of infringement [of the '214 Patent] have been willful."

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.   Capstone further objects to this Interrogatory as premature because Wolf bears the burden of proof on the issue of infringement and willful infringement, and Wolf has not yet provided to Capstone its bases for infringement nor provided to Capstone the factual bases for its willful infringement allegations.

Subject to and without waiving its objections, Capstone contends that it does not infringe the patents in suit, and that the patents in suit are invalid.  There is no objectively high likelihood that Capstone's actions infringe a valid and enforceable patent as required under the objective prong of *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  Moreover, the circumstances of this case do not satisfy the subjective prong of Seagate either.  Capstone has not yet completed discovery relating to this action, and its investigation of the facts is continuing.  Capstone's response is made without prejudice to Capstone's right to supplement its identification and production of documents, its responses to these and other interrogatories, and any other evidence of any kind in this action, pursuant to Fed. R. Civ. P. 26(e).

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 16:**

Describe in detail ALL FACTS SUPPORTING YOUR statement in Capstone's Amended Answer, that: "Capstone denies the allegations of paragraph 25 [of the Complaint]" wherein paragraph 25 of the Complaint states: "Plaintiff is informed and believes and based thereon alleges that Defendant's acts of infringement [of the '875 Patent] have been willful."

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to its General Objections, Capstone objects to this request to the extent this Interrogatory seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Capstone further objects to this request to the extent it seeks third-party confidential information.  Capstone further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Capstone further objects to this request as overbroad and unduly burdensome.   Capstone further objects to this Interrogatory as premature because Wolf bears the burden of proof on the issue of infringement and willful infringement, and Wolf has not yet provided to Capstone its bases for infringement nor provided to Capstone the factual bases for its willful infringement allegations.

Subject to and without waiving its objections, Capstone contends that it does not infringe the patents in suit, and that the patents in suit are invalid.  There is no objectively high likelihood that Capstone's actions infringe a valid and enforceable patent as required under the objective prong of *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  Moreover, the circumstances of this case do not satisfy the subjective prong of Seagate either.  Capstone has not yet completed discovery relating to this action, and its investigation of the facts is continuing.  Capstone's response is made without prejudice to Capstone's right to supplement its identification and production of documents, its responses to these and other interrogatories, and any other evidence of any kind in this action, pursuant to Fed. R. Civ. P. 26(e).

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

Dated:  July 2, 2014                    **ONE LLP**

                                        By:  _J. Lord_____

                                            John E. Lord
                                            Attorneys for Plaintiff,
                                            CAPSTONE PHOTOGRAPHY, INC.

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4000 MacArthur Boulevard, East Tower, Suite 500, Newport Beach, California 92660.

On July 2, 2014, I caused **CAPSTONE'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** to be served to the address and by the method of service described as follows:

Daniel M. Cislo, Esq., No. 125,378
dan@cislo.com,
Kristen Rokus
krokus@ cislo.com
Peter S. Veregge, Esq., No. 155,769
peter@cislo.com
Laura Banuelos
lbanuelos@cislo.com
CISLO & THOMAS LLP
1333 2nd Street Suite 500
Santa Monica, California 90401-4110

[X]          (BY EMAIL)

[ ]          (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]          (FEDERAL)  I declare that I am employed in the office of a member of the bar of their court at whose direction the service was made.

_____
Julie Anderson

16

**DEFENDANT'S RESPONSE TO INTERROGATORIES**

Exhibit 4

U.S. SC created confusion with June patent decision, former Federal Circuit judge says - Southeast Texas RecordSoutheast Texas Record

Case 2:13-cv-09573-CAS-PJW    Document 45-1    Filed 09/29/14    Page 30 of 35    Page ID #:513

## THE SOUTHEAST TEXAS RECORD

**Southeast Texas' Legal Journal**
Monday, September 29, 2014  Last Update: 09/24/14 03:35 pm



  
 

| News | Arguments | Dockets | Issues | About Us |

BECOME A SUBSCRIBER ►

Home » Federal Court » News » Patent/Copyright » Top Stories » U.S. Supreme Court » ✉ Email to Friend

# U.S. SC created confusion with June patent decision, former Federal Circuit judge says

September 15, 2014 11:55 AM
By JESSICA M. KARMASEK

WASHINGTON (Legal Newsline) – Paul Michel, the former chief judge of the U.S. Court of Appeals for the Federal Circuit, says the future of the nation's economy is in jeopardy after the U.S. Supreme Court ruled in June that some software method and system patents are invalid.

Michel was on the Federal Circuit, which handles all U.S. patent appeals, from 1988 until 2010. He served as its chief judge from 2004 until his retirement.

He also submitted an amicus brief in the recently decided case of *Alice Corporation Pty. Ltd. v. CLS Bank International and CLS Services Ltd.*

"The problem with this decision is that it has created vast uncertainty," he said of *Alice.* "Now, none of the four categories (under Section 101 of the Patent Act) are clear anymore."

Section 101, only a sentence or two long, describes the four categories of inventions that it declares eligible to be considered to be patented. They include: machines, compositions of matter (i.e. pharmaceuticals), articles of manufacturing (i.e. tools) and processes or methods.


Michel

"There are no types of inventions excluded," Michel explained. "It doesn't exclude anything at all. There are no limits in the section. No exclusions from any of the four categories."

But over time, the nation's high court, through its rulings, has changed the law, creating exemptions, the former judge said.

"In the last four years, the Supreme Court has greatly broadened the list of exclusions in a series of four different cases. The most recent is *Alice.* First was *Bilski (v. Kappos)* (in 2010), then *Mayo (v. Prometheus)* (in 2012) and then *(Association for Molecular Pathology v.) Myriad* (in 2013)," he said.

"Now, you can't tell if something is patent eligible or not because the tests provided in these cases are so vague, so subjective, so personal."

**The ruling**

In *Alice,* the Supreme Court said the claims were drawn to an abstract idea.

Implementing those claims on a computer was not enough to transform the idea to a patentable invention, the justices explained in their June 19 opinion.

"Here, the representative method claim does no more than simply instruct the practitioner to implement the abstract idea of intermediated settlement on a generic computer," Justice Clarence Thomas wrote for a unanimous court.

## MOST RECENT ARGUMENTS

Our View
- **Our View: It's not a good idea to kill the golden goose**
- **Our View: Safety devices aren't meant to negate carelessness**
- **BP didn't know what Juneau knew**

Their View
- **TSCRA: New common carrier rule only adds to paperwork**
- **What do the new iPhone, football uniforms and the U.S. Constitution have in common?**
- **Brown: Water conservation plan will eliminate freshwater fracking**

Letters to the Editor
- **Letter to the Editor: Texas can't turn back clock on reform**
- **TLR: Justice would prevail for Abbott today**
- **Letter to the Editor: TLR should remember Lincoln was a trial lawyer**

## ARCHIVES

**2014**
Sep  Aug  Jul  Jun  May  Apr
Mar  Feb  Jan

**2013**
Dec  Nov  Oct  Sep  Aug  Jul
Jun  May  Apr  Mar  Feb  Jan

**2012**
Dec  Nov  Oct  Sep  Aug  Jul
Jun  May  Apr  Mar  Feb  Jan

**2011**
Dec  Nov  Oct  Sep  Aug  Jul
Jun  May  Apr  Mar  Feb  Jan

**2010**
Dec  Nov  Oct  Sep  Aug  Jul
Jun  May  Apr  Mar  Feb  Jan

**2009**
Dec  Nov  Oct  Sep  Aug  Jul

U.S. SC created confusion with June patent decision, former Federal Circuit judge says - Southeast Texas RecordSoutheast Texas Record

Case 2:13-cv-09573-CAS-PJW   Document 45-1   Filed 09/29/14   Page 31 of 35   Page ID #:514

"Taking the claim elements separately, the function performed by the computer at each step — creating and maintaining 'shadow' accounts, obtaining data, adjusting account balances, and issuing automated instructions — is [p]urely 'conventional.'"

Thomas continued, "Considered 'as an ordered combination,' these computer components 'ad[d] nothing... that is not already present when the steps are considered separately.

"Viewed as a whole, these method claims simply recite the concept of intermediated settlement as performed by a generic computer. They do not, for example, purport to improve the functioning of the computer itself or effect an improvement in any other technology or technical field."

An instruction to apply the abstract idea of intermediated settlement using some unspecified, generic computer is "not enough" to transform the abstract idea into a patent-eligible invention, the justices said in their 17-page opinion.

The Supreme Court granted *Alice's* petition for writ of certiorari in December after the U.S. Court of Appeals for the Federal Circuit, sitting en banc, failed to reach an agreement in the case. Justices heard arguments in March.

CLS originally sued Alice in the U.S. District Court for the District of Columbia in 2007, seeking a declaratory judgment that Alice's patents were invalid and unenforceable and that the bank did not infringe them.

Alice, which countersued, claimed CLS started using its technology in 2002.

Alice asserted four patents — U.S. Patent Nos. 5,970,479; 6,912,510; 7,149,720; and 7,725,375 — against CLS, all on electronic methods and computer programs for financial-trading systems.

Last year, the Federal Circuit ruled 7-3 against patent eligibility of the method claims and 5-5 on the system claims, leaving the lower court's ruling that the system claims were ineligible in place.

The Supreme Court's opinion affirms that ruling, again deeming all of Alice's claims ineligible.

**The fallout**

Michel contends the court's reasoning is misplaced, putting too much emphasis on Section 101 instead of sections 102, 103 or 112 – what he described as more objective "hurdles."

He said as much in his own 12-page amicus brief, filed to the high court in January.

"The criteria for patent-eligibility should exclude only clearly ineligible inventions, allowing the other sections of the Patent Act – sections 102, 103 and 112 on conditions of patentability – to perform their respective functions," he wrote.

Michel continued, "The computer and the software controlling it impact every person through incorporation into vehicles on land, sea, air, below the sea, and in space; communications devices that realize recent science fiction; and innumerable devices in virtually every other important field of human activity.

"For the future of the country, it is essential to advance the constitutional purpose of promoting the progress of science and useful arts through the patent system by supporting innovation in computers and computer programs."

Simply put, the Supreme Court's ruling creates confusion, Michel said.

"It means unpredictability for patent examiners, appeal board members, universities and inventors," he said.

"Now, an issue that used to be decided by juries is being taken away and being decided by judges. It becomes very subjective."

Add lack of consistency to unpredictability and lack of objectivity, Michel said.

"Because the eligibility test in *Alice* and the earlier decisions is so unclear, it means it can't be applied consistently," he explained.

"Now, you're going to have 8,000 different patent examiners who are going to come up with different decisions. It's impossible with such a vague set of standards," he said.
"Same goes for judges. You have more than 1,000 federal trial judges. There's no way

Jun  May  Apr  Mar  Feb  Jan

2008
Dec  Nov  Oct  Sep  Aug  Jul
Jun  May  Apr  Mar  Feb  Jan

2007
Dec  Nov  Oct  Sep  Aug  Jul
Jun  May  Apr  Mar

## TAG CLOUD

asbestos Beaumont Division of the Eastern District of Texas breach of contract business Civil rights Civil rights/discrimination Consumer fraud/Deceptive trade contract court DBA debt Discovery discrimination employer Fair Debt Collection Practices Act Fair Labor Standards Act Feb Galveston County District Court home Houston Division of the Southern District of Texas Inc insurance Jefferson Jefferson County District Court Judge Donald Floyd judgment June law lawsuit Marshall Division of the Eastern District of Texas original answer Personal injury Personal Injury-motor vehicle plaintiff property Property damage Provost Umphrey Law Firm racial discrimination resident settlement Sherman Division of the Eastern District of Texas Tyler Division of the Eastern District of Texas vehicle work wrongful termination

## NEWS WIDGET

Attention bloggers:
Add Record Headlines to your site!



News from The Record:

- Attorney: Texas asbestos decision 'absolutely not' gaining traction in other jurisdictions

- Paxton a 'weak' candidate for Texas AG benefiting from GOP reign, professor says

- MDL judge ready to dismiss asbestos cases without mandated medical reports; Attorneys say law is unconstitutional

- Teacher accuses BISD of rights violations

U.S. SC created confusion with June patent decision, former Federal Circuit judge says - Southeast Texas RecordSoutheast Texas Record

Case 2:13-cv-09573-CAS-PJW    Document 45-1    Filed 09/29/14    Page 32 of 35    Page ID #:515

they can be consistent."

What's worse, he said, is thousands of patents now are in doubt – those applications that already have been filed and future applications.

"Not only will *(Alice)* affect new patent applications, but it will affect all of the two million patents out there today," Michel said. "The validity of an enormous number is in doubt."

So what does that do those who invest in research?

"It means the incentive to make those investments is going way down because the survival of the patents is now in substantial doubt," Michel said.

And if investing goes down, the amount of research and development will go down, he said.

"This is critical to the progress of science and technology," Michel said of the Alice ruling. "It will affect our global competitiveness and job creation.

"There's a real risk of economic calamity for us, as a country."

**The fix?**

The only "fix" to the problem the Supreme Court has created: to amend Section 101 in light of *Alice* and related decisions, Michel said.

"Congress would be justified in asserting its powers to determine (patent) eligibility," the former judge said.

Of course, it will take years before federal lawmakers take any action – even if just means adding a sentence to the statute – but it'll happen eventually, Michel said.

"Before the end of the decade, Congress will legislate again about the eligibility of inventions," he said.



Grzelak

"Companies are going to lose existing patents and patents they would've gotten prior, so it may be they will be exercised enough to stimulate Congress."

Keith Grzelak, a principal at Spokane, Wash., intellectual property firm Well St. John PS and co-chair of the Institute of Electrical and Electronics Engineers USA's IP Professional's Initiative, argues legislation isn't the only fix.

He said even a "cleaner case" with better definition would prove helpful.

"Hopefully, in the next six years, the court will get another case and come out with some clarity," said Grzelak, who also is a former automotive safety and crashworthiness expert and past inventor.

Until then, many within the patent community will remain uneasy, Grzelak said.

"At the end of the day, this is about property rights. Patents are just property interest," he said. "If you don't have a property interest, then people won't invest. And that means we're going to have a fundamental problem down the road."

Startups, especially, are going to feel it, Grzelak said.

"How are people going to get money to start a business if all they have is an idea and no property interest in it? If it's not protected, then who's going to invest in it?

"If we don't continue to create new, viable startups, they are going to leave the country."

He continued, "I don't see how IEEE members, for example, are going to benefit if there's no interest in what they contribute and if they can't get the money to invest."

The IEEE also filed an amicus brief in *Alice*.

Like Michel's, the organization's brief did not support either party but stressed the importance of computer patentability.

"Computer-implemented inventions as a class are too important to deny patent protection," its 32-page brief stated. "There are nearly 1 million software-related U.S. patents in force today on which the public relies.

- Woman accused of backing into vehicle in Dickinson

More News...

fast + free- **click here**

U.S. SC created confusion with June patent decision, former Federal Circuit judge says - Southeast Texas RecordSoutheast Texas Record

Case 2:13-cv-09573-CAS-PJW    Document 45-1    Filed 09/29/14    Page 33 of 35    Page ID #:516

"In this case the Court is asked to decide whether computer-implemented inventions are patentable under 35 U.S.C. § 101. On both legal and technological grounds, IEEE-USA believes the answer is clearly yes."

*From Legal Newsline: Reach Jessica Karmasek by email at patents@legalnewsline.com.*

This entry was posted in Federal Court, News, Patent/Copyright, U.S. Supreme Court and tagged Alice Corporation Pty. Ltd. v. CLS Bank International and CLS Services Ltd., Bilski v. Kappos, Institute of Electrical and Electronics Engineers USA's IP Professional's Initiative, Justice Clarence Thomas, Patent Act, U.S. Court of Appeals for the Federal Circuit, U.S. Supreme Court, Well St. John PS. Bookmark the permalink.

## More Stories by Jessica M. Karmasek

- U.S. PTO announces this year's Edison Scholars
- Attorney says U.S. SC decision, lack of PTO guidance killing innovation
- Federal judge dismisses 'scanner troll' case against FTC
- Alleged troll that sued eBay over PTO reexamination dismisses lawsuit
- Warner says Senate should've taken up, passed House bill on patent reform
- Federal Circuit: BlackBerry did not infringe on company's patents
- PTO extends comment period on new trial proceedings under AIA
- Study finds patent cases reach record high, but law professor says numbers are 'misleading'
- Study: Patent law changes, high-volume plaintiffs make for more litigation
- TracBeam sues Apple over wireless location technology including 'Find My Phone' service

**AROUND THE WEB**                                   **WHAT'S THIS?**



**GQ**
Behind the Scenes of Emily Ratajkowski's GQ Photo Shoot

**Newsmax Health**
4 Bodily Signs a Heart Attack is Near

**Fit Mom Daily**
Controversial "Skinny Pill" Sweeps the Nation

U.S. SC created confusion with June patent decision, former Federal Circuit judge says - Southeast Texas RecordSoutheast Texas Record

Case 2:13-cv-09573-CAS-PJW   Document 45-1   Filed 09/29/14   Page 34 of 35   Page ID #:517

**Lifefactopia**

How New iPads are Selling for Under $40

**ALSO ON SOUTHEAST TEXAS RECORD**

**Coon: What happened to the 'greatest settlement in history'?** 1 comment

**Will Loopy Lehmberg get revenge she doesn't deserve?** 2 comments

**Southeast Texas Record** | Southeast Texas' Legal Journal

Privacy Policy   |   Sitemap

Copyright ©  2014.  All rights reserved.

# CERTIFICATE OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 1333 2nd Street, Suite 500, Santa Monica, California 90401-4110.

On September 29, 2014, I served:

**DECLARATION OF PETER VEREGGE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

to be sent by ECF electronic mail to the following:

> John E.  Lord, Esq.
> ONE LLP
> 9301 Wilshire Blvd., Penthouse Suite
> Beverly Hills, CA 90210
> Phone: (310) 866-5157
> jlord@onellp.com, crodriguez@onellp.com

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on September 29, 2014, at Westlake Village, California.

/s/ Laura Banuelos
Laura Banuelos